## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

LATAVIUS ROBINSON,

     Plaintiff,

v.                                                  Case No.  4:25-cv-14-RH/MJF

UNITED WHOLESALE MORTGAGE, LLC,

     Defendant.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff alleges that Defendant United Wholesale Mortgage LLC and other unidentified persons violated the Racketeer Influenced and Corrupt Organization Act. Doc. 1. Defendant United Wholesale Mortgage LLC filed a motion to dismiss. Doc. 11. Plaintiff responded in opposition. Doc. 12. Because Plaintiff's initial complaint violates the Federal Rules of Civil Procedure and fails to state a plausible claim for relief, the District Court should grant Defendant's motion to dismiss this civil action.

### BACKGROUND

On January 10, 2025, Plaintiff commenced this civil action. Plaintiff alleges that Defendant and other unidentified persons violated RICO, 18

U.S.C. §§ 1961, *et seq*. Defendant moved to dismiss the complaint because Plaintiff failed to state a plausible claim for relief and the complaint violated the Federal Rules of Civil Procedure. Doc. 12. Before a court may dismiss a case with prejudice for failure to state a plausible claim for relief, the court must afford a *pro se* litigant at least one chance to replead his claim. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Therefore, the undersigned afforded Plaintiff an opportunity to replead. Doc. 13.

On October 23, 2025, Plaintiff filed his first amended complaint. Doc. Doc. 14. In that amended complaint, Plaintiff seeks to add seven Defendants and claims pursuant to 42 U.S.C. § 1983. Plaintiff asserts all claims as "the Trustee of the Evader Trust" and Plaintiff disavows asserting any claims "individually." Doc. 14 at 3. On November 13, 2025, the undersigned struck Plaintiff's first amended complaint because Plaintiff, who is appearing pro se, impermissibly asserted claims as the trustee of a trust. Doc. 25.

On October 24, 2025, Plaintiff filed a proposed second amended complaint, Doc. 15, and a motion for leave to file the proposed second amended complaint, Doc. 16. Because Plaintiff's proposed second amended

complaint violated Rule 8 and Rule 10 of the Federal Rules of Civil Procedure, the undersigned denied Plaintiff's motion for leave to amend the complaint. Doc. 17.

On October 27, 2025, Plaintiff filed a proposed third amended complaint, Doc. 18, and a motion for leave to file Plaintiff's proposed third amended complaint, Doc. 20. On November 13, 2025, the undersigned denied Plaintiff's motion for leave to file Plaintiff's proposed third amended complaint because Plaintiff, who is appearing pro se, impermissibly asserted claims as the trustee of a trust. Doc. 20; *see J.J. Rissell, Allentown, PA Tr. v. Marchelos*, 976 F.3d 1233, 1236 (11th Cir. 2020) ("[A] nonlawyer trustee has no authority to represent a trust in court."). Thus, Plaintiff's original complaint remains the operative pleading.

## STANDARD

Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable

to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## DISCUSSION

## A.    <u>Plaintiff's Complaint Violates the Federal Rules</u>

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). A district court that receives a shotgun pleading must *sua sponte* give a plaintiff "one chance to replead." *Id.* at 1296. But once a *pro se* litigant has been given that opportunity to remedy the deficiencies and squanders the opportunity by filing another shotgun pleading, the district court has the authority to dismiss the complaint on shotgun pleading grounds. *Id.* at 1295; *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001); *see also Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017).

On October 16, 2025, the undersigned informed Plaintiff that his complaint was a shotgun pleading. Specifically, the undersigned informed Plaintiff:

> Plaintiff's "factual allegations" are not set forth in numbered paragraphs. Instead, Plaintiff's allegations are found in a single paragraph that spans four pages.
>
> Plaintiff's complaint also is "replete with conclusory [and] vague" allegations. Plaintiff does not clearly identify the claim(s) he intends to bring, or which facts support each claim. Thus, the complaint violates the rules of civil procedure (Rule 8 or 10 or both) and fails to give Defendant adequate notice of the claim(s) against it and the grounds upon which each claim rests.

Doc. 13 at 3. The undersigned included detailed instructions on how to remedy these defects in an amended complaint and afforded Plaintiff an opportunity to file an amended complaint that corrected these defects. *Id.* at 4, 12–14.   Despite this opportunity, Plaintiff filed a proposed first amended complaint, a proposed second amended complaint, and a proposed third amended complaint, each of which failed to correct the identified deficiencies. Accordingly, for this reason alone, the District Court should dismiss this civil action.

**B.    <u>Plaintiff Fails to State a Claim Under RICO</u>**

There is a second, independent reason for the District Court to dismiss this civil action: Plaintiff fails to state a claim under RICO. To state a claim, a plaintiff must allege *facts* that would allow the district court to plausibly infer that Defendant:

> (1) operated, managed, or conducted the affairs of;

> (2) an enterprise;

> (3) through a pattern;

> (4) of racketeering activity;

> (5) which caused;

> (6) injury to plaintiff's business or property.

*Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020); *Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1158 (11th Cir. 2019).

Furthermore, "Civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity." *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007); *Crawford's Auto Ctr., Inc.*, 945 F.3d at 1158. That is, a plaintiff must allege: (1) the precise statements, documents, or misrepresentations

made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiff; and (4) what Defendants gained by the alleged fraud.[1] *Ambrosia Coal & Const. Co.*, 482 F.3d at 1316; *see generally United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006) ("[p]articularity means that 'a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them.'").

Plaintiff fails to state a RICO claim in at least three ways.

### 1.    *Plaintiff Fails to Allege the Existence of an Enterprise*

An enterprise is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Plaintiff states that Defendant formed an "associated-in-fact" enterprise. *See* Doc. 1 at 3. An "association-in-fact enterprise is simply a continuing unit that

---

[1] While Plaintiff is entitled to some leniency with respect to the complaint as he is proceeding *pro se*, he is still required to comply with Rule 9's pleading standard, which requires that plaintiffs plead fraud with particularity.

functions with a common purpose." *Cisneros*, 872 F.3d at 1211. To plead an association-in-fact enterprise, a plaintiff must allege "that a group of persons share three structural features: (1) a purpose; (2) relationships among those associated with the enterprise; and (3) longevity sufficient to permit these associates to pursue the enterprise's purpose." *Id.* at 1211 (quoting *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1067 (11th Cir. 2017)).

Instead of providing specific facts regarding the existence of an enterprise, Plaintiff relies on conclusions:

- "In naming United Wholesale Mortgage LLC, Latavius Robinson has established that an enterprise exists which undeniably affects interstate commerce." Doc. 1 at 4;

- "Robinson has perfected a RICO claim by showing the existence of a RICO enterprise." *Id.*;

- "The enterprise to which all the defendants belong is evident to a high degree and it is also evident to a high degree that associates such as John Does and Jane Does 1-10, act as a continuing unit." *Id.* at 6.

A complaint that contains nothing more than mere conclusions devoid of facts fails to state a claim for relief and cannot withstand a motion to dismiss. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Because Plaintiff provides nothing more than unadorned

conclusions that an enterprise exists, Plaintiff fails to state a RICO claim. For this reason, too, the District Court should dismiss this civil action.

### 2. *Plaintiff Fails to Allege a Pattern of Racketeering Activity*

RICO defines "racketeering activity" to encompass "dozens of state and federal offenses, known in RICO parlance as predicates." *RJR Nabisco Inc. v. European Cmty.*, 579 U.S. 325, 329–30 (2016). "A pattern of racketeering activity under RICO requires" a plaintiff to allege "at least two qualifying predicate acts, each of which must constitute a violation of one of the state or federal laws described in 18 U.S.C. § 1961(1)." *Crawford's Auto Ctr., Inc.*, 945 F.3d at 1158; *see H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 237–38 (1989).

Additionally, to "plead a pattern of racketeering activity, 'a plaintiff must demonstrate a relationship between the predicate acts as well as a threat of continuing activity'—a standard known as the 'continuity plus relationship' test." *Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 337 (7th Cir. 2019) (quoting *DeGuelle v. Camilli*, 664 F.3d 192, 199 (7th Cir. 2011)); *see H.J. Inc.*, 492 U.S. at 242.

Plaintiff alleges that unidentified individuals sent him correspondence on five dates between April 11 and June 11, 2024. According to Plaintiff "defendants have used the United States Mail Service for purposes of fraud and extortion." Doc. 1 at 7. This conclusory allegation of of "fraud" and "extortion" is insufficient to state a claim.

Plaintiff also alleges that the unidentified individuals sent this correspondence over a two-month period—*which ended in June 2024.* Plaintiff, therefore, does not allege a threat of continuing activity. "Congress was concerned in RICO with long-term criminal conduct." *H.J. Inc.*, 492 U.S. at 242; *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1265 (11th Cir. 2004). Thus, predicate "acts extending over a few weeks or months and threatening no future criminal conduct" does not constitute a pattern of racketeering activity. *H.J. Inc.*, 492 U.S. at 242. True, Plaintiff alleges that a pattern "will likely continue" unless abated, but he provides no facts to support a claim that there is ongoing criminal conduct or a threat of future criminal conduct. Thus, he has not alleged a threat of continuing activity. For this second, independent reason, Plaintiff fails to state a civil RICO claim.

### 3. *Plaintiff Fails to Allege Causation*

The "RICO statute provides a cause of action for '[a]ny person injured in his business or property *by reason of* a violation of section 1962.'" *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1349 (11th Cir. 2016) (quoting 18 U.S.C. § 1964(c)) (emphasis added). "The Supreme Court has been clear that a party is only entitled to recover under RICO 'to the extent that[] he has been injured in his business or property by the conduct constituting the violation.'" *Id.* (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). Stating a civil RICO claim, therefore, requires a plaintiff to plead facts sufficient to give rise to a reasonable inference that the claimed activity was the "but-for" and proximate cause of a plaintiff's injuries. *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268 (1992).

Here, Plaintiff again relies solely on conclusory allegations. Specifically, he states:

- "Robinson has demonstrated that [he] has sustained injuries as proximate result of the pattern of frauds by the defendants." Doc. 1 at 4;

- "The cause-in-fact that but-for the chicanery of the enterprise members including United Wholesale Mortgage, LLC, et al., Latavius Robinson would have not been deprived of business interests, business opportunities, and property interests and would not have incurred tangible losses." *Id.*

Plaintiff does not allege *how* any purported pattern of racketeering activity injured his property or business, *when* it did so, or *the extent* to which a pattern of racketeering activity damaged his business or property. In this respect, too, Plaintiff fails to state a civil RICO claim.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully recommends that the District Court:

1.  **GRANT** Defendant's motion to dismiss, Doc. 11;

2.  **DISMISS** Plaintiff's claims against Defendant; and

3.  **DIRECT** the clerk of this court to close the case file.

At Pensacola, Florida, this <u>13th</u> day of November 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to this report and recommendation must be filed within 14 days of the date of the report and recommendation. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and**

recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.