IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LATAVIUS ROBINSON,

    Plaintiff,

v.                                              CASE NO. 4:25cv14-RH-MJF

UNITED WHOLESALE MORTGAGE,
LLC,

    Defendant.

_____/

## ORDER OF DISMISSAL

Latavius Robinson filed this action as "private attorney general" and tendered first, second, and third amended complaints as trustee of the Evander Trust. The magistrate judge issued a report and recommendation concluding the action should be dismissed on two grounds: first, that as a layperson, Mr. Robinson could not represent a trust, and second, that the original complaint—which remained the operative pleading because leave had been denied to file the later versions—failed to state a claim on which relief could be granted. Mr. Robinson has objected. And he has filed successive motions for leave to file fourth, corrected fourth, and fifth amended complaints.

## I. The complaint and the first, second, and third amended complaints

Under Federal Rule of Civil Procedure 72(a), a district court must review de novo issues raised by objections to a magistrate judge's recommendation to dismiss an action. I have so reviewed Mr. Robinson's objections. They are unfounded. Mr. Robinson was not and is not entitled to go forward on the original complaint or on the first, second, or third amended complaints.

As a pro se litigant, Mr. Robinson can assert only his own individual claims. He cannot represent a trust, so he cannot proceed on the first, second, or third amended complaints. Nor can he act only as a private attorney general, as he attempted to do in the original complaint.

A pro se litigant could proceed as a private attorney general only in the colloquial sense that, in asserting an individual civil rights claim or other claim implicating the broader public interest, the pro se litigant might vindicate not only his individual claim but also the broader public interest. This is not a case of that kind—and even in a case of that kind, a pro se litigant could proceed first and foremost only on an individual claim. That is also true of any other private litigant, even when represented by an attorney.

In sum, Mr. Robinson cannot proceed on the original complaint, in which he asserts a claim only as a private attorney general, and cannot proceed on the first, second, or third amended complaints, in which he asserts claims of a trust.

## II. The fourth, amended fourth, and fifth amended complaints

Without awaiting a ruling on the objections, Mr. Robinson, now acting as an individual rather than as a private attorney general or trustee, has filed three more motions for leave to amend. The three motions ask for leave to file a fourth amended complaint, a corrected fourth amended complaint, and a fifth amended complaint.

These come too late. Mr. Robinson ignored orders that gave him multiple opportunities to amend to state an individual claim. He squandered those opportunities. He sought to assert an individual claim only after entry of a report and recommendation concluding that his recalcitrance, together with the failure to correct identified deficiencies, warranted dismissal. This without more is a sufficient basis for denying the new motions for leave to amend.

This order would deny the motions anyway. The three new versions of the complaint—the fourth, corrected fourth, and fifth amended complaints—are referred to in this order as the "new complaints." They all arise from Mr. Robinson's execution of a note and mortgage. He apparently does not deny receiving the proceeds of the note and mortgage and failing to make the specified payments.

The new complaints allege a foreclosure action was filed in state court and is still pending. *See* ECF No. 33 at 9 (referring to "litigation pending"). Publicly

available records, which could properly be judicially noticed, confirm this. *See United Wholesale Mortg. LLC et al. v. Latavius Robinson*, Case No. 372024-CA-0009651000-MX (Fla. Cir. Ct.). One defendant in this federal action, United Wholesale Mortgage, apparently was the ostensible lender and mortgagee, and the other defendants apparently had a role in demanding payment or pursuing the state-court action, perhaps as, or on behalf of, an assignee of the note and mortgage.

The new complaints fail to state a claim on which relief can be granted.

The fourth and amended fourth amended complaints assert claims under the Fourteenth Amendment for denial of procedural due process (count 1), 42 U.S.C. § 1983 for denial of fair judicial process (count 2), the Fair Debt Collection Practices Act (count 3), the Truth in Lending Act (count 4), and the Racketeer Influenced and Corrupt Organizations Act (count 5).

Counts 1 and 2 fail because the defendants are not state actors. The Fourteenth Amendment constrains government action, not private action, and § 1983 applies to action under color of law, not to private plaintiffs or other private actors. The complaints do not allege facts suggesting the defendants acted under color of law. It bears noting, too, that state courts are fully capable of affording litigants due process, and the complaints allege nothing suggesting that is not true for the foreclosure action pending there.

Counts 3, 4, and 5 fail because they are long on conclusions but short on facts. They conclusorily allege violations of statutes but do not indicate how any specific act violated any specific statutory provision or which defendant allegedly committed the act. Count 5 is especially deficient; a plaintiff does not plausibly allege a RICO violation by asserting nothing more than an allegedly improper attempt to collect a single debt.

These same principles are fatal to the fifth amended complaint. It apparently asserts an overriding RICO claim based on eight underlying claims, each against a different defendant, and each arising from the single note and mortgage that are the subject of the state-court foreclosure action. The eight claims, like the claims in the fourth and corrected fourth amended complaints, are conclusory; they do not indicate how any specific act violated any specific statutory provision. And the alleged efforts to collect on a single note are not sufficient to state a RICO claim.

### III.  Conclusion

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

1. The report and recommendation, ECF No. 26, is accepted and adopted as the court's opinion with the additional analysis set out in this order. The defendant's motion to dismiss, ECF No. 11, is granted.

2. The motions, ECF Nos. 29, 30, and 32, for leave to file amended complaints are denied.

3. The clerk must enter judgment stating, "This action is dismissed for failure to state a claim on which relief can be granted."

4. The clerk must close the file.

SO ORDERED on December 8, 2025.

>   s/Robert L. Hinkle
>   United States District Judge